UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>         v.<br><br>ENRIQUE ARMAS-GAMEZ,<br><br>                                Defendant. | Case No. 19-mj-11765-JLB-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 8)** |

**I.    STATEMENT OF FACTS**

Defendant was charged by Complaint with violating Title 8 U.S.C. § 1325(a)(1), a misdemeanor. (ECF No. 1.) Specifically, the Complaint alleged:

> On or about December 7, 2019, within the Southern District of California, Defendant Enrique Armas-Gamez, an alien, knowingly and intentionally attempted to enter the United States of America with the purpose, i.e., conscious desire to enter the United States at a time and place other than as designated by immigration officers, and *committed an overt act, to wit, crossing the border from Mexico into the United States, that was a substantial step towards committing the offense* . . . .

(*Id.* (emphasis added).)  The probable cause statement attached to the Complaint alleged that Defendant was arrested 35 yards north of the International Border Fence without

proper immigration documents. (*Id.*) Post-arrest, after waiving his *Miranda* rights, the Complaint alleges Defendant "admitted to illegally entering the United States by climbing over the border fence." (*Id.*)

On December 16, 2019, Defendant pled guilty to the Complaint, without the benefit of a plea agreement, and was sentenced to time served. (ECF Nos. 6, 13.) At the time he pled guilty, the Magistrate Judge informed Defendant that the elements of the crime to which he was pleading guilty included:

(1) That Defendant was not a citizen of the United States at the time of the offense;
(2) That "Defendant unlawfully entered or attempted to enter the United States at a time and place other than as designated by an immigration officer" or other than a designated Port of Entry; and
(3) That Defendant had the conscious desire to enter, "that is, it was [Defendant's] intent to successfully enter into the United States free from official restraint."

(ECF No. 13, 6:12–7:7.) Defense counsel raised no objection to these elements.

As part of the factual basis for his plea, Defendant admitted that, although he was a citizen of Mexico, not the United States, he had walked from Mexico into the United States, hoping to successfully enter the United States without being intercepted by immigration officers, and, therefore, he intentionally picked a place to cross where there was no Port of Entry. (ECF No. 13, 9:1–10:7.) Again, no objection was raised as to this factual basis.

Defendant now appeals, raising three issues: (1) Rule 11 was violated because the Magistrate Judge omitted from the elements both the requirement that Defendant knew he was an alien at the time he entered and the requirement that he took a substantial step toward completing the offense; (2) Section 1325 is unconstitutional under *Morales-Santana*; and (3) Section 1325 violates the non-delegation doctrine and is void for vagueness. (ECF No. 15 ("Opening Brief").) The Government responds (ECF No. 16 ("Government's Response")), and Defendant replies (ECF No. 17).

## II. LEGAL STANDARD

"A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B); *see also* 18 U.S.C. § 3402. "The defendant is not entitled to a trial de novo by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Rather, the appeal's scope "is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.*

## III. ANALYSIS

### A. Any Missed Elements Were Not "Plain Error"

#### 1. Standard

Failure to raise a Rule 11 objection at the time of the plea means the court reviews the claimed omission for "plain error." *United States v. Covian-Sandoval*, 462 F.3d 1090, 1093 (9th Cir. 2006). "To grant relief under the plain error standard, [the court] must determine: (1) there was error, (2) that is plain, and (3) that affects substantial rights." *Id.* Even if those three requirements are met, the court should "exercise [its] discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotations omitted).

In ascertaining whether a Rule 11 error violated a defendant's substantial rights or the integrity of the proceedings, the court may look to all portions of the record. *Id.*; *see also Henderson v. Morgan*, 426 U.S. 637, 644 (1976) (agreeing that "the court should examine the totality of the circumstances and determine whether the substance of the charge, as opposed to its technical elements, was conveyed to the accused"). In the plain error analysis, the defendant bears the burden of demonstrating that substantial rights and the integrity of the judicial proceedings were affected. *United States v. Minore*, 292 F.3d 1109, 1119 (9th Cir. 2002); *United States v. Dominguez-Benitez*, 542 U.S. 74, 83 (2004). Thus, the defendant must show a reasonable probability that, but for this error, he would not have entered his guilty plea. *Dominguez-Benitez*, 542 U.S. at 76.

### 2.      Omission of "Substantial Step" Language

Defendant argues first that the Magistrate Judge erred in listed the elements because she failed to tell Defendant that the Government was required to prove that he took a "substantial step" toward committing the offense. "An attempt conviction requires evidence that a defendant intended to violate the statute and took a substantial step toward completing the violation.'" *United States v. Mincoff*, 574 F.3d 1186, 1195 (9th Cir. 2009) (quoting *United States v. Meek*, 366 F.3d 705, 720 (9th Cir. 2004)). "To constitute a substantial step, a defendant's actions must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances." *Id.* at 1195 (quoting *United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007)). "'Mere preparation' is not a substantial step." *United States v. Soto-Barraza*, 947 F.3d 1111, 1120 (9th Cir. 2020) (quoting *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1102 (9th Cir. 2011)).

It is true that the elements listed by the Magistrate Judge in the Rule 11 colloquy omitted the requirement that the Government prove Defendant took a substantial step toward completing the violation. Instead, she simply said the Government was required to prove that Defendant attempted to enter the United States at a time and place other than as designated by an immigration officer. This was an error that was plain.

However, the error does not affect substantial rights nor does it seriously affect the fairness or integrity of the judicial proceedings. There was no question Defendant had taken a substantial step toward entering the United States. He was arrested in the United States after entering illegally. At the time he was arrested, he admitted that he had entered illegally "by climbing over the border fence." (ECF No. 1.) As part of his factual basis, at the time of his plea, he admitted that he had walked from Mexico into the United States and intentionally picked a place to cross where there was no Port of Entry. (ECF No. 13, 9:1–10:7.) The Complaint to which Defendant pled guilty alleged that Defendant had crossed the border from Mexico into the United States, which was "a substantial step towards committing the offense." (ECF No. 1.)

Because overwhelming evidence supported that Defendant took a substantial step towards completing the offense, even though he was not specifically told this was a requirement, it is not unfair to hold him to his guilty plea. *See Minore*, 292 F.3d at 1119. Furthermore, distinguishing the cases cited by defense counsel where the attorney objected to the Rule 11 proceedings, since there was no objection, it was Defendant's burden to show that he would not have pled guilty had he known of this element. He has not done so because he cannot do so. Defendant has not satisfied this Court that—when informed by the entire record—there is any probability of a different result had he been correctly informed of the elements. *See Dominguez-Benitez*, 542 U.S. at 85.

Since relief is not appropriate under the plain error standard, the appeal from the guilty plea on this ground is denied.

### 3. Requirement that Defendant Knew He Was an Alien at the Time of Entry

Next, defense counsel argues that Rule 11 was violated because the Magistrate Judge failed to inform Defendant that an element of the offense included that he knew, at the time he entered, that he was not a citizen of the United States. (*See* Opening Brief (citing *United States v. Hernandez*, 504 F. App'x 647 (9th Cir. 2013) (unpublished); *United States v. Smith-Baltiher*, 424 F.3d 913 (9th Cir. 2005)).) Both *Hernandez* and *Smith-Baltiher* concerned whether a defendant could present a good faith, if mistaken, belief that he was a citizen at the time of his illegal entry in a Section 1326 prosecution. In each case, the Ninth Circuit ruled the defendant could raise such a defense because in a Section 1326 prosecution, the Government is required to prove that the defendant has the specific intent to enter the United States without permission. The fact that a defendant may have thought he had a legal right to enter could negate this intent.

As a preliminary matter, the Defendant in this case never expressed any confusion or good faith belief that he was a citizen of the United States at the time of entering the United States. When the Magistrate Judge asked Defendant whether he was a citizen of the United States, he forthrightly answered that he was not. (ECF No. 13.)

Second, the elements of Section 1325(a) are different than that of Section 1326(a). In a Section 1325(a) prosecution, the key is whether the defendant had the specific intent to enter the United States at a time and place other than as designated by immigration officers. In a Section 1326(a) prosecution, the key is whether the defendant had the specific intent to enter the United States without the consent of the U.S. Attorney General. Thus, a defendant can be prosecuted for an attempt to violate Section 1326 if he or she comes to a Port of Entry and falsely claims U.S. citizenship. Not so for a Section 1325 prosecution. A Section 1325 prosecution requires that a defendant not enter through a Port of Entry. Thus, in both *Hernandez* and *Smith-Baltiher*, the defendant, who came to the Port of Entry and claimed U.S. citizenship, should have been allowed to present evidence that he believed this was true. There is no such corresponding element in a Section 1325 prosecution.

Finally, there is no requirement that a judge, when taking a plea, outline all possible defenses to a defendant before the plea can be accepted. The judge is only required to lay out the elements of the offense.

Defense counsel also argues that the recent Supreme Court decision in *United States v. Rehaif*, 139 S. Ct. 2191 (2019), required the Magistrate Judge to add an element of knowledge of alienage to the Section 1325 elements. *Rehaif* concerned the scope of the word "knowingly" in the context of a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2). Contrary to those statutes, Congress did not incorporate the word "knowingly" into Section 1325.

Furthermore, the Court in *Rehaif* was particularly concerned that failure to incorporate a scienter requirement would result in prosecution of innocent conduct. No such concern exists with Section 1325. Even those who are not aliens are not allowed to enter the United States at a time and place other than as designated by immigration officers. *See United States v. Nunez-Soberanis*, 406 F. Supp. 3d 835, 844 (S.D. Cal. 2019) (citing 19 U.S.C. § 1459).

Finally, to the extent there was any error in the listing of elements, it was not plain error that entitles Defendant to relief. Defense counsel points to no evidence that Defendant would not have pled guilty had he known of this element. Therefore, the appeal on this ground must also be denied.

### B.  *Morales-Santana* Does Not Render Section 1325 Unconstitutional

Defendant argues that *United States v. Morales-Santana*, 137 S. Ct. 1678 (2017), renders Section 1325 unconstitutional. This Court agrees with those courts that have held *Morales-Santana* is inapplicable to Section 1325. *See, e.g.*, *United States v. Ramirez-Ortiz*, 370 F. Supp. 3d 1151, 1156 (S.D. Cal. 2019) ("*Morales-Santana* does not address the constitutionality of 8 U.S.C. § 1325, and the severability clause of the Immigration and Nationality Act allows for offending provisions to be stricken without affecting or invalidating the whole."); *see also United States v. Duffy*, 773 F. App'x 947, 949 (9th Cir. 2019) (unpublished) ("The severability clause of the Immigration and Nationality Act ('INA') dictates that the remainder of [the Act] was not affected by *Morales-Santana*.").

This Court adopts the reasoning in those cases and finds that Section 1325 is not unconstitutional.

### C.  The Statute Does Not Violate the Non-Delegation Doctrine, Nor Is It Unconstitutionally Vague

Section 1325 makes it a crime for a non-citizen to enter or attempt to enter the United States at a time or place "other than as designated by immigration officers." Defense counsel argues this violates the non-delegation doctrine because Congress has delegated to immigration officers the ability to determine the scope of a criminal provision without providing the executive branch official with an intelligible principle to guide the official's discretion.

Congress may not delegate to another branch "powers which are strictly and exclusively legislative." *Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019). However, Congress "may confer substantial discretion on executive agencies to implement and enforce laws." *Id*. The Supreme Court has acknowledged "that in our increasingly

complex society, replete with ever changing and more technical problems, Congress simply cannot do its job absent an ability to delegate power under broad general directives." *Mistretta v. United States*, 488 U.S. 361, 372 (1989). Thus, "a statutory delegation is constitutional as long as Congress 'lay[s] down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform.'" *Gundy*, 139 S. Ct. at 2123 (alterations in original) (quoting *Mistretta*, 488 U.S. at 372).

This Court agrees with *United States v. Gonzalez-Pena*, 445 F. Supp. 3d 1021, 1029–30 (S.D. Cal. 2020), that "Defendant's non-delegation argument is based on the flawed premise that any immigration officer can arbitrarily designate ports of entries." As explained in *Gonzalez-Pena*:

> Congress requires that aliens seeking lawful entrance to the United States do so at a port of entry. *See United States v. Corrales-Vazquez*, 931 F.3d 944, 946 (9th Cir. 2019); *United States v. Aldana*, 878 F.3d 877, 882 (9th Cir. 2017). Ports of entry can only be designated or de-designated by the Secretary of Homeland Security subject to the Administrative Procedures Act. *See* 8 C.F.R. § 100.4(a). Ports of entry also necessarily include facilities, staffed by immigration officials that are set up to accept applications for admission. *Aldana*, 878 F.3d at 882. To interpret Section 1325(a) to permit a border patrol agent to designate a portion of the border fence "on a whim" is in direct conflict with Congress's clear statutory scheme.

*Id.* Therefore, this Court agrees that Section 1325 making it illegal for an individual to enter the United States other than a place designated by immigration officers does not violate the non-delegation doctrine.

Furthermore, the statute is not unconstitutionally vague. "A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits . . . . Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1973). In particular, a statute is vague if it "makes criminal activities which by modern standards are normally innocent," or if it sets a net so

large that law enforcement is able to pick and choose who to arrest. *Papachristou*, 405 U.S. at 163.

Section 1325 provides adequate notice to people of reasonable intelligence as to what is prohibited. Individuals must enter the United States through a designated Port of Entry. Failure to do so by one who is not a citizen of the United States is a violation. There is no suggestion that the statute encourages or even allows arbitrary or discriminatory enforcement. Therefore, the argument that the statute is vague must fail.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's appeal from the Magistrate Judge's decision (ECF No. 8) and **AFFIRMS** Defendant's conviction and sentence following his guilty plea.

**IT IS SO ORDERED.**

**DATED: October 20, 2020**

Hon. Cynthia Bashant
United States District Judge